**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4269**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

SHERMAN CARNELL GAY,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:14-cr-00246-FL-1)

Submitted:  December 16, 2016        Decided:  January 10, 2017

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Jennifer C. Leisten, Research & Writing Attorney, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherman Carnell Gay pled guilty to possession with intent to distribute a quantity of cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Gay's Sentencing Guidelines range calculations included a two-level enhancement for possessing a firearm in connection with the offense. In sentencing Gay to a 151-month term of imprisonment, at the low end of the Guidelines range, the district court overruled Gay's objection to the firearm enhancement and denied his request for a below-Guidelines-range term. Gay now appeals, contending that his sentence is procedurally and substantively unreasonable. We disagree.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). Procedural errors include the district court's "fail[ure] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). Although the court need not "robotically tick through § 3553(a)'s every subsection," United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), it "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing," Gall, 552 U.S. at 50. Even if the court imposes a within-

2

Guidelines-range sentence, "it must place on the record an individualized assessment based on the particular facts of the case before it." Carter, 564 F.3d at 330 (internal quotation marks omitted).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district [court] should address the party's arguments and explain why [it] has rejected those arguments." Id. at 328 (internal quotation marks omitted). While "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly," United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006), we "may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," Carter, 564 F.3d at 329-30.

Only if there are no significant procedural errors does this court consider the substantive reasonableness of the sentence, taking into account "the totality of the circumstances." Gall, 552 U.S. at 51. A sentence within a properly calculated Guidelines range is presumptively substantively reasonable, rebuttable only by showing that the sentence is unreasonable when measured against

3

the § 3553(a) factors.  <u>United States v. Louthian</u>, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record reveals that the district court properly applied the two-level firearm enhancement, considered and rejected Gay's arguments for a below-Guidelines-range sentence, and sufficiently considered and explained the relevant § 3553(a) sentencing factors in fashioning the chosen sentence.  Thus, we conclude that the sentence imposed was procedurally reasonable. Additionally, we conclude that Gay has not made the showing necessary to rebut the presumption that his within-Guidelines-range sentence is substantively reasonable.  Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>